ZIMRI KIDDER & wife *vs.* HENRY PARKHURST & another.

In an action for malicious prosecution, the question whether on the plaintiff's evidence a want of probable cause for the prosecution has been proved, is for the court.

Want of probable cause for a prosecution for perjury is not established, in an action for malicious prosecution, by proof that the plaintiff was acquitted upon the trial, that the defendants were interested as members of a committee of a town in defending the action in which the perjury was alleged to have been committed, and which was pending on exceptions at the time when the prosecution was instituted, that they presented to the grand jury a complaint containing a statement of their belief that the plaintiff had been guilty of perjury and that no indictment was found by the first grand jury to which it was thus presented, and that the plaintiff's testimony which was alleged to be false was not precisely as stated in the complaint of the defendants, if it also appears to the satisfaction of the court that the plaintiff's testimony in relation to the matters in question was incorrect, and that various other persons besides the defendants believed the charge of perjury to be well founded.

A complaint to the grand jury containing a charge of perjury is not a libel, although before its presentation to them it was exhibited to various persons by whom it was signed.

TORT. The first count was for a malicious prosecution, alleging that the defendants had maliciously caused the female plaintiff, Mary Kidder, to be indicted and prosecuted for perjury, and that on her trial she was acquitted. The second and third counts were for a libel. The alleged libel was a complaint to the grand jury, signed by the two defendants and ten other persons, stating their belief that Mrs. Kidder had committed perjury.

At the trial in this court, before *Chapman,* J., the plaintiffs introduced evidence tending to prove the following facts: Martha B. Kidder commenced an action of tort against the inhabitants of Dunstable, to recover for personal injuries sustained by reason of a defective highway, which was tried in this court in April 1856, her mother, Mary Kidder, being a witness for her therein, and a verdict was returned for the plaintiff, which was set aside on exceptions, (7 Gray, 104,) and the case was tried again in April 1857, and another verdict returned for the plaintiff, on which, after the exceptions taken had been overruled, judgment was entered in October 1858. By votes of the inhabitants of

Dunstable, it was left with a committee to settle or defend the suit, and both of the defendants were members of the committee, Parkhurst having become a member thereof in November 1856. In June 1856 a complaint, drawn up by the partner of the district attorney, and signed by the two defendants and ten other persons, to some of whom the defendant Parkhurst exhibited it and asked them if they wished to sign it, was presented to the grand jury, setting forth the judicial proceedings in the trial of the action above referred to, and stating that in that trial it became a material question how long Martha B. Kidder was confined to her house in consequence of the injuries received by her, and that Mary Kidder testified as a witness that she was so confined from the 3d of February 1854 until the second week in March following, " which declaration of said Mary Kidder your complainants believe to be false, and therefore said complainants say that said Mary Kidder at said court holden as aforesaid did, as they believe, commit the crime of wilful and corrupt perjury." One of these persons did not read the paper before signing it, but signed it supposing it to be " an instrument against Mrs. Kidder," and had made up his mind from what he heard from others than the defendants that Mrs. Kidder's testimony was false. Another person read it, and upon information which he had received from others than the defendants believed the charge to be true. This complaint was heard before the grand jury, the defendant Cummings being one of the witnesses before them, and no indictment was found. A new grand jury was summoned the next year, before whom the matter was brought, in February 1857, both defendants being called as witnesses, and other witnesses being summoned by the defendant Parkhurst in the night, and an indictment was found, on which Mrs. Kidder was tried and acquitted. There was also evidence tending to show that the testimony of Mrs. Kidder as to the length of time that Martha B. Kidder was confined to the house after receiving the injury was not quite so definite as the statement of it contained in the complaint to the grand jury ; and that Martha B. Kidder went out to a dance during the time covered by Mrs. Kidder's testimony.

The above is all the evidence which at the argument was relied on as material; and, the plaintiffs having rested their case upon it, *Chapman,* J. was of opinion that it was insufficient to sustain the action, and reserved the question, by consent of the parties, for the consideration of the whole court, for them to grant a new trial or render judgment for the defendants.

*D. S. Richardson & W. P. Webster,* for the plaintiffs. Slight evidence of a want of probable cause is sufficient. *Willans* v. *Taylor,* 6 Bing. 189 and 2 B. & Ad. 857. *Colton* v. *James,* 1 B. & Ad. 133. A bill presented to the grand jury and ignored is sufficient. *Nicholson* v. *Coghill,* 4 B. & C. 23. Selw. N. P. 1064, note 1. Probable cause is such a state of facts as would reasonably persuade an impartial, reasonable and cautious person not merely to suspect or conjecture but to believe the plaintiff guilty. *Stone* v. *Stevens,* 12 Conn. 230. *Munns* v. *Dupont,* 3 Wash. C. C. 31. *Wilmarth* v. *Mountford,* 4 Wash. C. C. 79. *Bacon* v. *Towne,* 4 Cush. 217. Want of probable cause is established by proof that the evidence given at the trial was different from that on which the perjury was assigned. *Incledon* v. *Berry,* cited in 1 Camp. 204, note, ruling of Le Blanc, J. If the indictment was intended to operate upon the civil action in case of a new trial, it was express malice, making the complaint a libel and the prosecution malicious. *Bodwell* v. *Osgood,* 3 Pick. 379. There was a *prima facie* case made out, and the defendants should have been called upon to answer it, and the case should have been submitted to the jury. The question of good faith in making the statements contained in the complaint to the grand jury was a matter of fact for the jury. *Gassett* v. *Gilbert,* 6 Gray, 94.

*J. G. Abbott & T. Wentworth,* for the defendants.

METCALF, J. In an action for malicious prosecution, probable cause for the prosecution is a defence. Whether there was probable cause is a question of law on the evidence. When the evidence is contradictory, the court will submit the question to the jury, under instructions adapted to the facts which they shall find to be proved. *Cloon* v. *Gerry,* 13 Gray, 201. *Blachford*

v. *Dod*, 2 B. & Ad. 184. *Hinton* v. *Heather*, 14 M. & W. 134. In the present case, there was no contradictory evidence that required the action of a jury; but the evidence was such as, in our judgment, showed probable cause for the prosecution complained of in the first count in the plaintiff's declaration. It was believed by several persons that the charge was true on which the plaintiff was prosecuted; and there seems to have been sufficient reason for believing that she had not testified correctly, in all particulars, at the trial of her daughter's action against the town of Dunstable. And though, upon her own trial, the accusation of perjury was found to be groundless, yet this finding did not negative the existence of probable cause for making the accusation. That was to be judged of, not upon the actual state of the case, but upon the honest and reasonable belief of the party prosecuting. *Bacon* v. *Towne*, 4 Cush. 238, 239. And want of probable cause cannot be inferred from the malice of the prosecutor. *Parker* v. *Farley*, 10 Cush. 281. 2 Greenl. Ev. §§ 454, 455. It has always been held that actions of this kind are not to be favored. And " the *onus probandi* is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendants had no ground for commencing the prosecution." By *Morton*, J., in the case of *Stone* v. *Crocker*, 24 Pick. 84.

The second and third counts in the plaintiff's declaration are for a libel on her in a complaint made by the defendants against her for perjury. The bill of exceptions shows that this complaint was made to the grand jury. It therefore appears to have been made in the regular course of justice. And the decisions, ancient and modern, are uniform, that no proceeding in a regular course of justice is to be deemed an actionable libel. *Cutler* v. *Dixon*, 4 Co. 14 *b*. *Lake* v. *King*, 1 Saund. 131. Addison on Torts, 581, 582. Holt on Libel, 171, 172. 1 Stark. Sland. (Wendell's ed.) 243–247. *Watson* v. *Moore*, 2 Cush 138. In *Hill* v. *Miles*, 9 N. H. 14, it was said by Parker, C. J that " an action for a libel cannot be sustained for a proceeding before a court having jurisdiction of the subject matter, if the process was instituted under a probable belief that the matter

alleged was true, and with the intention of pursuing it according to the course of the court, even if the matter turns out to be wholly false." *Judgment for the defendants.*